1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7   JEAN M. HALONEN,

8                      Plaintiff,              NO: 13-CV-0092-TOR

9          v.                                  ORDER GRANTING DEFENDANT'S
                                               MOTION FOR SUMMARY
10  CAROLYN W. COLVIN, Acting                  JUDGMENT
    Commissioner of Social Security
11  Administration,

12                     Defendant.

13

14       BEFORE THE COURT are the parties' cross-motions for summary

15  judgment (ECF Nos. 13 and 21).  Plaintiff is represented by Joseph M. Linehan.

16  Defendant is represented by Sarah L. Martin.  This matter was submitted for

17  consideration without oral argument.  The Court has reviewed the administrative

18  record and the parties' completed briefing and is fully informed.  For the reasons

19  discussed below, the Court grants Defendant's motion and denies Plaintiff's

20  motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on July 17, 2009, alleging a disability onset date of February 15, 2006. Tr. 166-74. These applications were denied initially and upon reconsideration, and Plaintiff requested a hearing. Tr. 81-82, 87-93, 105-06. A hearing was held before an Administrative Law Judge on August 16, 2011. Tr. 38-76. The ALJ rendered a decision denying Plaintiff benefits on September 15, 2011. Tr. 21-32.

The ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through September 30, 2009. Tr. 23. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 15, 2006, the amended alleged onset date. Tr. 23. At step two, the ALJ found that Plaintiff had severe impairments consisting of (1) right shoulder bursitis status post two surgical repairs; (2) lumbar degenerative disc disease; (3) hip

bursitis; (4) chronic pain syndrome; (5) depressive disorder; and (6) anxiety disorder. Tr. 23. At step three, the ALJ found that Plaintiff's severe impairments did not meet or medically equal a listed impairment. Tr. 25-26. The ALJ then determined that Plaintiff had the residual functional capacity to:

> [L]ift and/or carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk for about six hours in an eight hour workday, sit for about six hours in an eight hour workday, and perform unlimited pushing and/or pulling within the lifting restrictions. The [Plaintiff] can frequently balance and reach, occasionally climb ramps or stairs, stoop, crouch, kneel, crawl, and reach overhead, and never climb ladders, ropes or scaffolds. The [Plaintiff] should avoid concentrated exposure to unprotected heights, and use of moving machinery. The [Plaintiff] can perform simple, routine and repetitive tasks, as well as some well-learned detailed tasks. The [Plaintiff] can have superficial interaction with the public and co-workers, but no high level cooperation.

Tr. 26-30. At step four, the ALJ found that Plaintiff was unable to perform past relevant work. Tr. 30. At step five, the ALJ found that Plaintiff could perform the representative occupations of small parts assembler, photocopy machine operator, and mail room clerk, and that such occupations existed in significant numbers in the national economy. Tr. 30-31. In light of this step five finding, the ALJ concluded that Plaintiff was not disabled under the Social Security Act and denied his claims on that basis. Tr. 31-32.

The Appeals Council denied Plaintiff's request for review on January 7, 2013, making the ALJ's decision the Commissioner's final decision for purposes

1    of judicial review.  Tr. 1-7; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

2                                                        ISSUES

3          Plaintiff raises two issues for review:

4          1.  Whether the ALJ erred in finding that Plaintiff's testimony
               concerning the nature and extent of her physical limitations was
5              not credible; and
           2.  Whether the ALJ erred in rejecting the opinions of Ms. Karen
6              Bichler, ARNP.

7                                                   DISCUSSION

8      **A. Adverse Credibility Determination**

9          In social security proceedings, a claimant must prove the existence of

10   physical or mental impairment with "medical evidence consisting of signs,

11   symptoms, and laboratory findings."  20 C.F.R. §§ 416.908; 416.927.  A

12   claimant's statements about his or her symptoms alone will not suffice.  20 C.F.R.

13   §§ 416.908; 416.927.  Once an impairment has been proven to exist, the claimant

14   need not offer further medical evidence to substantiate the alleged severity of his or

15   her symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).

16   As long as the impairment "could reasonably be expected to produce [the]

17   symptoms," the claimant may offer a subjective evaluation as to the severity of the

18   impairment.  *Id.*  This rule recognizes that the severity of a claimant's symptoms

19   "cannot be objectively verified or measured."  *Id.* at 347 (quotation and citation

20   omitted).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F .3 d 947, 958 (9th Cir. 2002).  In making this determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition.  *Id.*  If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing."  *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted).  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

The ALJ provided several specific, clear and convincing reasons for discrediting Plaintiff's testimony about the severity of her physical limitations. First, the ALJ noted that Plaintiff made "excessive pain complaints" during a physical evaluation in December 2006, and was later observed to have potentially over-reported emotional distress symptoms during a psychological evaluation in

November 2009.  Tr. 28.  In the ALJ's view, these were "indications of symptom exaggeration or magnification [which] erode[d] the credibility of [Plaintiff's] allegations of disability."  Tr. 28.  Second, the ALJ noted that Plaintiff "cancelled or failed to show up for doctor appointments on a number of occasions."  Tr. 28.[1] To the ALJ, this pattern of missed appointments "suggest[ed] that [Plaintiff's] symptoms may not have been as severe as she had alleged."  Tr. 28.  Finally, the ALJ noted that Plaintiff had been involuntarily discharged from the Spokane CHAS clinic and was not forthcoming with a different provider about the reasons for her discharge:

> [I]n January 2010, the claimant attempted to switch her primary care provider from Community Health Associates of Spokane (CHAS) to Spokane Falls Family Clinic.  However, there is only [a] record of one visit to Spokane Falls Family Clinic.  That record notes that the claimant reported she had been discharged from CHAS due to differences with her doctor and she was told a drug screen had been positive for cocaine.  She denied using cocaine, and stated that her physician at CHAS had made her back worse with steroid injections.  Furthermore, when she was asked to provide medical records from CHAS, she appeared reluctant and did not understand when the records were needed.  An examination of the treatment records shows that the claimant did have a drug screen positive for cocaine, and she was subsequently tapered off of methadone, but also that steroid injections had provided some relief of the claimant's symptoms.

---

[1] The ALJ also noted that Plaintiff's treatment provider had no record of her calling ahead to cancel one such appointment due to car trouble as Plaintiff had claimed to have done when confronted about why she missed the appointment.  Tr. 28, 325.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1      These discrepancies between the claimant's treatment records and her

2      reports to a new provider undermine the credibility of her allegations

       and reported symptoms and limitations.

3 Tr. 28; *see also* Tr. 435. Having thoroughly reviewed the record, the Court

4 concludes that the above reasons are supported by substantial evidence. The ALJ

5 did not err in making an adverse credibility determination.

6 **B. Opinions of Karen Bichler, ARNP**

7      To reject testimony of medically acceptable treating sources, an ALJ must

8 provide specific, legitimate reasons based on substantial evidence. *Molina*, 674

9 F.3d at 1111. However, only licensed physicians and other qualified specialists are

10 considered "acceptable medical sources" under the Commissioner's regulations.

11 *Id.*; 20 C.F.R. §§ 404.1513(d); 416.913(d). As a physician's assistant, Ms. Bichler

12 is not an "acceptable medical source." SSR 06-03p, 2006 WL 2329939 at *2

13 (nurse practitioners and physician assistants are not "acceptable medical sources").

14 Instead, Ms. Bichler qualifies as an "other source" as defined in §§ 404.1513(d)

15 and 416.913(d). *Molina*, 674 F.3d at 1111. Because Ms. Bichler is an "other

16 source" whose opinions about the nature and severity of Plaintiff's impairments are

17 not entitled to controlling weight, the ALJ need only have provided "germane

18 reasons" for rejecting her opinions. SSR 06-03p, 2006 WL 2329939 at *2; *Molina*,

19 674 F.3d at 1111.

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

The ALJ provided two germane reasons for rejecting Ms. Bichler's opinion that Plaintiff was limited to sedentary work.  First, the ALJ observed that Ms. Bichler's opinion was based largely on Plaintiff's self-reported symptoms and complaints.  Tr. 29.  In light of the ALJ's earlier adverse credibility finding, this was a permissible basis for rejecting Ms. Bichler's opinions.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).  Plaintiff's argument that Ms. Bichler did not, in fact, base her opinions on Plaintiff's subjective complaints is unavailing.  Ms. Bichler's notes indicate that Plaintiff reported experiencing tenderness, tightness and discomfort during the examination, and claimed to be responding poorly to treatment.  Tr. 473.  These are clearly subjective assessments which informed Ms. Bichler's opinions.

Second, the ALJ noted that Ms. Bichler's evaluation of Plaintiff's physical abilities consisted almost entirely of check-the-box ratings and "contain[ed] few objective findings in support of the degree of limitation opined."  Tr. 30.  This too was a permissible basis for discounting Ms. Bichler's opinions.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Moreover, even assuming for the sake of argument that the ALJ erred in rejecting Ms. Bichler's opinions, the error was harmless.  As the ALJ noted at the conclusion of his opinion, Plaintiff would not have been found disabled "even if [her] residual functional capacity were further reduced to the sedentary range of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

work, or [altered to require a] change [in] position briefly every 30 to 60 minutes."
Tr. 31.  In light of the vocational expert's testimony that Plaintiff could perform jobs existing in significant numbers in the national economy with the restrictions identified by Ms. Bichler, *see* Tr. 66-67, any error in the ALJ's treatment of Ms. Bichler's opinions was harmless.  Accordingly, Defendant is entitled to summary judgment.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 21) is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

The District Court Executive is hereby directed to file this Order, enter **JUDGMENT** for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** March 17, 2014.

THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13